Daniel, Judge,
 

 after stating the case proceeded. — The question submitted for the decision of this Court is, whether the perishable property which Benjamin Reddick, the intestate, received under the will of his father John Reddick, belonged to him absolutely, so as on his death, it should go to his next of kin; or whether, on his death without issue, it should go over to his mother for life by virtue of his father’s will. The judge below was of opinion that on the event which happened, viz. Benjamin dying and leaving no issue in the lifetime of his mother, the property in dispute went to the widow of John Reddick for life, by force of the executory devise in his last will. The plaintiffs have appealed from this decision.
 

 Ever since the case of
 
 Forth
 
 v.
 
 Chapman,
 
 1 Peere Williams’s Rep. 663, the principle has been considered as well settled, both in England and this country, that in a bequest of personal property to a legatee, and if he dies “ leaving no issue,” or dies “ leaving no heir,” then the property to go over to another, the limitation over is not too remote, but is good as an executory devise. The word
 
 “
 
 leaving,” confines the time of the vesting of the property in the executory devisee, to the period of the death of the first taker.
 
 Vide Jones and Wife v. Spaight's Heirs,
 
 1 Car. Law Repos. 544. We are of the opinion
 
 *502
 
 that the limitation over by the will of John Reddick of the personal property, which is the subject of this suit, is in law good; and that the relators, as next of kin of the intestate, Benjamin Reddick, are not entitled to any share of it. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.